RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

JS6

KARL J. FINGERHOOD (PA Bar No. 63260)
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone:   (202) 514-7519
                       (202) 305-0455
Telefax:      (202) 514-2583

karl.fingerhood@usdoj.gov

THOMAS P. O'BRIEN
United States Attorney for the
Central District of California

MONICA L. MILLER (CA Bar No. 157695)
Assistant U.S. Attorney
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone:   (213) 894-2442
Telefax:      (213) 894-7819

monica.miller@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, THE CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,  DEPARTMENT OF FISH AND GAME, AND CENTRAL COAST REGIONAL WATER QUALITY CONTROL BOARD,<br><br>Plaintiffs,<br><br>v.<br><br>POWERINE OIL COMPANY, CENCO REFINING COMPANY, and ENERGY MERCHANT CORP.,<br><br>Defendants. | Civil No: CV04-6435 CBM (JWJx)<br><br>and<br><br>Civil No: CV07-6877 CBM (JWJx)<br><br>**CONSENT DECREE** |

# TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

V.      PAYMENT OF EPA RESPONSE COSTS . . . . . . . . . . . . . . . . . .9

VI.     PAYMENT OF STATE PLAINTIFFS' RESPONSE COSTS AND
        STATE NATURAL RESOURCE DAMAGES . . . . . . . . . . . . .11

VII.    FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . .14

VIII.   COVENANT NOT TO SUE BY UNITED STATES . . . . . . . . . . . .18

IX.     RESERVATIONS OF RIGHTS BY UNITED STATES . . . . . . . . . . . .19

X.      COVENANT NOT TO SUE BY STATE PLAINTIFFS . . . . . . . . . . . .21

XI.     RESERVATION OF RIGHTS BY STATE PLAINTIFFS . . . . . . . . . .22

XII.    COVENANT NOT TO SUE BY SETTLING DEFENDANTS . . . . . . . . .24

XIII.   FURTHER EFFECT OF SETTLEMENT/
        CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . . .27

XIV.    RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . .29

XV.     NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . .30

XVI.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . .32

XVII.   EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . .32

XVIII.  INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . 32

XIX.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . .33

XX.     SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . .33

XXI.    FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . .34

# I. **BACKGROUND**

A.  On August 3, 2004, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Waste Disposal, Inc. Superfund Site in Santa Fe Springs, California ("the WDI Site") from Powerine Oil Company ("Powerine"), CENCO Refining Company ("CENCO"), and Energy Merchant Corp. ("EMC").  The United States also alleged in the complaint that there was a fraudulent conveyance between Powerine and EMC, pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, and that Powerine and EMC had failed to respond to information requests in a complete and timely manner, as required by Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

B.  EPA's selection of a remedy to address the contamination at the WDI Site is documented in a final Amended Record of Decision, executed on June 21, 2002.  The work required to implement that remedy ("WDI Remedial Action") was carried out by a group of potentially responsible parties referred to as the Waste Disposal Inc. Group ("WDIG")  that did not include Powerine, CENCO or EMC.  EPA certified that the WDI Remedial Action was complete at the WDI Site on September 14, 2006.

C.  Separately, on September 28, 1990, the United States sent Powerine a Special Notice letter for the Operating Industries, Inc. Superfund Site ("the OII Site"), located at 900 Potrero Grande Drive, Monterey Park, California, alleging that Powerine was a Potentially Responsible Party ("PRP") at the OII Site.

- 1 -

D.  Powerine and CENCO Refining are subject to a Cleanup and Abatement Order (Order No. 97-118) issued by the Los Angeles Regional Water Quality Control Board, and a state court injunction, obtained by the Community Development Commission of the City of Santa Fe Springs, and entered April 14, 2004 (Case No. VC 03890, Los Angeles County Superior Court), requiring remediation of their former oil refinery property, located at 1234 Lakeland Road, Santa Fe Springs, California.

E.  On October 14, 1998, EPA sent Powerine a notice letter indicating that Powerine was liable as a *de minimis* party at the Casmalia Resources Superfund Site ("the Casmalia Site"), located at NTU Rd-539 San Ysidro Blvd., Casmalia, California.

F.  As a result of the release or threatened release of hazardous substances at or near the WDI Site, the State of California Department of Toxic Substances Control ("DTSC") has undertaken response actions at or in connection with the WDI Site pursuant to state and federal law, and will undertake response actions in the future.  DTSC is a support agency to EPA with respect to the WDI Site.

G.  As a result of the release or threatened release of hazardous substances at or near the Casmalia Site, DTSC, the Regional Water Quality Control Board for the Central Coast Region (the "Regional Board"), and the Department of Fish and Game ("DFG") have undertaken response actions at or in connection with the Casmalia Site pursuant to state and federal law, and will undertake response actions in the future.  DTSC, the Regional Board and DFG are support agencies to EPA with respect to the Casmalia Site.

H.  Information currently known to DFG indicates the presence of one or more state natural resources at or near the Casmalia Site which may have been, or which may be, injured by release(s) of hazardous substances.  DFG is the state agency authorized to act on behalf of the public as a trustee for the natural resources within California.  DFG has claimed Natural Resource Damages at the

- 2 -

1  Casmalia Site, including response costs incurred by the DFG prior to October 1,
2  1999.

3       I. As a result of the release or threatened release of hazardous substances at
4  or near the OII Site, DTSC has undertaken response actions at or in connection
5  with the OII Site pursuant to state and federal law, and will undertake response
6  actions in the future.

7       J. DTSC, DFG, and the Regional Board (collectively the "State Plaintiffs")
8  have concurrently filed a complaint against the Powerine, CENCO and EMC
9  (collectively referred to as "Settling Defendants") alleging that the Settling
10  Defendants are liable to the State Plaintiffs under Section 107(a) of CERCLA, 42
11  U.S.C. § 9607(a), for response costs incurred or to be incurred by the State
12  Plaintiffs at the WDI Site, OII Site, and the Casmalia Site, and for Natural
13  Resource Damages at the Casmalia Site. DFG has also asserted a claim for
14  Natural Resource Damages with respect to the Casmalia Site under 42 U.S.C.
15  section 107(f), 42 U.S.C. § 9607(f).

16       K. Settling Defendants submitted Financial Information to the United
17  States and gave permission for the United States to share the Financial Information
18  with the State Plaintiffs. The United States and the State Plaintiffs have reviewed
19  the Financial Information to determine whether Settling Defendants are financially
20  able to pay response costs incurred and to be incurred at the WDI, OII, and
21  Casmalia Sites. Based upon this Financial Information, the United States has
22  determined that Settling Defendants are able to pay the amounts specified in
23  Section V. The State Plaintiffs have determined that Settling Defendants are able
24  to pay the amounts specified in Section VI.

25       L. Settling Defendants that have entered into this Consent Decree do not
26  admit any liability to the United States arising out of the transactions or
27  occurrences alleged in the complaint, or described in the special notice letters
28  regarding the OII and Casmalia Sites.

M.  The United States, State Plaintiffs, and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, and DECREED:

## II.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  PARTIES BOUND

2.  This Consent Decree is binding upon the United States, the State Plaintiffs, and upon Settling Defendants and their successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.  DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

- 4 -

1    a. "Casmalia Site" shall mean the former Casmalia Resources

2  Hazardous Waste Management Facility, encompassing approximately 252 acres,

3  located at NTU Rd-539 San Ysidro Blvd., approximately ten (10) miles southwest

4  of Santa Maria and one and a half miles north of Casmalia in Santa Barbara

5  County, California, and depicted generally on the map attached at Appendix C.

6  Casmalia Site shall also include the areal extent of contamination that is presently

7  located in the vicinity of the Casmalia facility and all suitable areas in very close

8  proximity to the contamination necessary for the implementation of the response

9  action(s) and any areas to which such contamination migrates.

10    b. "Casmalia Site Escrow Account" shall mean the escrow account

11  for the Casmalia Site, which was established pursuant to the Consent Decree

12  entered by the United States District Court for the Central District of California on

13  June 27, 1997, in *United States of America v. ABB Vetco Gray Inc.*, et al., Civ. No.

14  CV 96-6518-KMW (JGx). The Casmalia Site Escrow Account holds money

15  collected, inter alia, from settlements and enforcement activities undertaken by

16  EPA related to the Casmalia Site, and which shall be used for response actions at

17  and concerning the Casmalia Site.

18    c. "CERCLA" shall mean the Comprehensive Environmental

19  Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C.

20  § 9601, *et seq.*

21    d. "Consent Decree" shall mean this Consent Decree and all

22  appendices attached hereto. In the event of conflict between this Consent Decree

23  and any appendix, the Consent Decree shall control.

24    f. "Day" shall mean a calendar day. In computing any period of time

25  under this Consent Decree, where the last day would fall on a Saturday, Sunday, or

26  federal holiday, the period shall run until the close of business of the next working

27  day.

28

g. "DFG" shall mean the California Department of Fish and Game and any successor entity.

h. "DTSC" shall mean the California Department of Toxic Substances Control and any successor entity.

i. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

j. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

k. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

l. "EPA Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA, or DOJ on behalf of EPA, has paid at or in connection with the WDI Site, the OII Site, or the Casmalia Site through the date of entry of this Consent Decree, plus accrued Interest on all such costs through such date.

m. "Financial Information" shall mean those financial documents identified in Appendix D.

n. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

o. "Natural Resource Damages" or "NRD" means damages, including costs of damages assessment, recoverable under section 107 of CERCLA, 42 U.S.C. section 9607, and applicable provisions of State law, for injury to, destruction of, or loss of any and all natural resources at the Casmalia Site.

-6-

1    p. "OII Site" shall mean the Operating Industries Inc. Superfund Site,

2  located at 900 Potrero Grande Drive, in the City of Monterey Park, Los Angeles

3  County, California, generally shown on the map included in Appendix B.

4    q. "OII Special Account" shall mean the special account established at the

5  OII Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C.

6  §9622(b)(3), within the EPA Hazardous Substance Superfund.

7    r. "Paragraph" shall mean a portion of this Consent Decree identified

8  by an Arabic numeral or an upper or lower case letter.

9    s. "Parties" shall mean the United States, State Plaintiffs, and Settling

10  Defendants.

11    t. "Plaintiffs" shall mean the United States and the State Plaintiffs.

12    u. "Regional Board" shall mean the California Regional Water

13  Quality Control Board for the Central Coast Region, and any successor entity.

14    v. "Section" shall mean a portion of this Consent Decree identified

15  by a Roman numeral.

16    w. "Settling Defendants" shall mean Powerine Oil Company

17  ("Powerine"), CENCO Refining Company (n/k/a/ Lakeland Development

18  Company ("CENCO")), and Energy Merchant Corp. ("EMC").

19    x. "State Natural Resource Damages Claim" shall mean the claim for

20  Natural Resources Damages asserted by DFG and the amount of Natural Resource

21  Damages for the Casmalia Site that DFG has estimated as its current or future

22  claim for the purposes of this Consent Decree only.  That current claim is sixteen

23  million dollars ($ 16,000,000).

24    y. "State Plaintiffs" shall mean DTSC, DFG, and the Regional

25  Board.

26    z. "State Plaintiffs' Response Costs" shall mean all costs, including

27  but not limited to direct and indirect costs, that any of the State Plaintiffs has

28

-7-

1 incurred or will incur at or in connection with the WDI Site, the OII Site, or the

2 Casmalia Site, plus accrued Interest on all such costs.

3      aa.  "State Statutes" shall mean the California Health and Safety

4 Code, sections 25300 et seq., and 25189.1; the Porter-Cologne Water Quality

5 Control Act, California Water Code sections 13000 et seq.; the California Fish and

6 Game Code, sections 5650, 5650.1, 2014, 711.7 and 12016; the California

7 Government Code, sections 8670.56.5 and 8670.61.5; and state nuisance and

8 trespass laws.

9      bb.  "Waste Material" shall mean (1) any "hazardous substance"

10 under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any "pollutant or

11 contaminant" under Section 101(33) of CERCLA, 42 U.S.C. § 9601(33); (3) any

12 "solid waste" under Section 1004(27) of RCRA, 42 U.S.C. § 6903(27); and (4)

13 any "hazardous substance" under California Health and Safety Code §§ 25316 and

14 25317.

15      cc.  "WDI Remedial Action" shall mean those activities, except for

16 operation and maintenance, to be undertaken by the WDIG to implement the

17 Amended Record of Decision at the WDI Site, in accordance with the Statement of

18 Work and the final Remedial Design and Remedial Action Work Plans and other

19 plans approved by EPA.

20      dd.  "WDI Site" shall mean the Waste Disposal, Inc. Superfund Site,

21 encompassing approximately 38 acres, located at 12731 E. Los Nietos Rd., in

22 Santa Fe Springs, Los Angeles County, California, and generally shown on the

23 map included in Appendix A.

24      ee.  "WDI Special Account" shall mean the special account

25 established at the WDI Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42

26 U.S.C. §9622(b)(3), within the EPA Hazardous Substance Superfund.

27      ff.  "United States" shall mean the United States of America,

28 including its departments, agencies and instrumentalities.

## V. <u>PAYMENT OF EPA RESPONSE COSTS</u>

4.   <u>Payment of EPA Past Response Costs</u>.  Settling Defendants shall pay $1,450,000, plus Interest, pursuant to the following schedule:

a.  Within ninety days of entry of this Consent Decree, Settling Defendants shall pay $806,606.00 which shall be deposited in the WDI Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the WDI Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund;

b.  Within ninety days of entry of this Consent Decree Settling Defendants shall pay $100,000.00 which shall be deposited in the OII Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the OII Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund;

c.  Within ninety days of entry of this Consent Decree Settling Defendants shall pay $93,394.00 which shall be deposited in the Casmalia Site Escrow Account;

d.  Within 150 days of entry of this Consent Decree Settling Defendants shall pay $225,000.00, plus Interest from the date of entry, which shall be deposited in the WDI Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the WDI Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund; and

e.  Within 210 days of entry of this Consent Decree Settling Defendants shall pay $225,000.00, plus Interest from the date of entry, which shall be deposited in the WDI Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the WDI Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

5. <u>Payments of EPA Past Response Costs for WDI and OII Sites.</u> Payments by Settling Defendants to EPA for the WDI and OII Sites shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the Central District of California following lodging of the Consent Decree.

6. At the time of each payment to EPA, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions). Such notice shall specify the amount(s) remitted and reference the EPA Region, DOJ Case number, Site/Spill Identification Number and the Civil Action Number. For the WDI Site those numbers, respectively, are EPA Region 9, SSID - 09FY, DOJ case number 90-11-2-156/13, and civil action number CV04-6435 CBM (JWJx). For the OII Site those numbers, respectively, are EPA Region 9, SSID - 0958, DOJ case number 90-11-2-156/12, and civil action number CV01-11162 MMM (JWJx).

7. <u>Payment of EPA Past Response Costs to Casmalia Site Escrow Account.</u> Within 90 days of entry of this Consent Decree, Settling Defendants shall remit the payment to the Casmalia Site Escrow Account by wiring $93,394.00 to the following:

Wells Fargo Bank c/o Marco X. Morales
MAC N9303-120
Sixth and Marquette, Minneapolis, MN 55479
ABA/Locator#: 121000248
Bnf Account #: 0001038377
Bnf Account Name: Corporate Trust Clearing
OBI Field: Casmalia Cash Account #15924200
REF: Casmalia Resources Site Custodial Agreement
Payor: the name of the Settling Party exactly as it appears on the signatory page, below.

Any payments received by the Casmalia Site Escrow Account after 5:00 p.m. Pacific Time will be credited on the next business day.

8. At the time this payment to the Casmalia Escrow Account is made, Settling Defendants shall send notice that payment has been made to EPA and

- 10 -

1  DOJ in accordance with Section XV (Notices and Submissions).  Settling

2  Defendants shall also send a copy of the completed Payment Invoice to:

3            Casmalia Case Team
            U.S. EPA Region IX
4            75 Hawthorne Street (SFD-7)
            San Francisco, California  94105-3901

5  ## VI.  PAYMENT OF STATE PLAINTIFFS' RESPONSE COSTS AND

6  ## STATE NATURAL RESOURCE DAMAGES

7       9.    Settling Defendants shall pay to the State Plaintiffs a total of $40,000,

8  pursuant to the following schedule:

9       10.    Payment of State Plaintiffs' Response Costs for WDI Site and OII

10            Sites.

11            a.  Within ten (10) days of entry of this Consent Decree, Settling

12  Defendants shall pay  $18,819 to DTSC for Response Costs of DTSC with respect

13  to the WDI Site.

14            b.  Within ten (10) days of entry of this Consent Decree, Settling

15  Defendants shall pay $1,000 to DTSC for Response Costs of DTSC with respect to

16  the OII Site.

17            c.  Within 90 days of entry of this Consent Decree, Settling

18  Defendants shall pay $15,000 to DTSC for Response Costs of DTSC with respect

19  to the WDI Site.

20            d.  Payments made pursuant to this Consent Decree for the WDI Site

21  or the OII Site shall be in the form of a certified or cashier's check made payable

22  to the "Department of Toxic Substances Control", bearing on its face the case

23  name and number.

24            e.  Settling Defendants shall send the certified or cashier's check(s)

25  to:

26            California Department of Toxic Substances Control
            Accounting Section – Cashiering Unit (FLR 21-1)
27            Attention:  Cashier
            1001 "I" Street
28            P.O. Box 806
            Sacramento, California  95812-0806

1   At the time of payment to DTSC, Settling Defendants shall send notice that

2   payment has been made to DTSC in accordance with Section XV (Notices and

3   Submissions.)

4      11.   <u>Payment of State Plaintiffs' Response Costs and Natural Resource</u>

5           <u>Damages for Casmalia Site</u>.

6      **a. Payments to DTSC for Casmalia Site.** Within ten (10) days of

7   entry of this Consent Decree, Settling Defendants shall pay $ 1,772 to DTSC for

8   Response Costs of DTSC with respect to the Casmalia Site. Payments made by

9   the Settling Defendants to DTSC for the Casmalia Site shall be made by one of the

10  following methods:

11     (i) by Cashier's or Certified Check sent to:

12  California Department of Toxic Substances Control
    Accounting Section - Cashiering Unit (FLR 21-1)
13  Attention: Cashier
    1001 "I" Street
14  P.O. Box 806
    Sacramento, California  95812-0806

15     If payments are made by cashier's or certified check, the check shall

16  be made payable to the California Department of Toxic Substances Control. The

17  payment shall indicate the case name and case number.

18     or

19     (ii) by Wire Transfer to the California Department of Toxic

20  Substances Control, including the following information:

21     1. Name and address of the California Department of Toxic

22  Substances Control's banking institution to which the transfer

23  is to be made:

24

25  Bank of America, Sacramento Government Services, Unit 1436
    555 Capitol Mall, Suite 1555
26  Sacramento, CA 95814

27     2. Account number to which the wire transfer should be sent:

28  Financial Institution:   Bank of America, San Francisco, CA
    ABA Routing Number:   0260-0959-3

Beneficiary:          State of California
Beneficiary Information: State Treasurer's Demand Deposit
                      Account
Beneficiary Account No. 14 99324597

3. Attn: Ellen Day
Government Services
(916) 321-4677

If payment to DTSC is made by wire transfer, the Settling Defendant will need to call the DTSC Accounting Office at (916) 322-5539 or (916) 324-3099 to notify them that a wire transfer will be sent and provide the Settling Defendant's name, the amount of the transfer, the case name and case number.

**b. Payments to Regional Board for the Casmalia Site.** Within ten (10) days of entry of this Consent Decree, Settling Defendants shall pay $1,086 to the Regional Board for Response Costs of the Regional Board with respect to the Casmalia Site. Payment to the Regional Board for the Casmalia Site shall be made by one of the following methods:

(i) by wire transfer, including the following information:

1. Name and address of the California Department of Justice's banking   institution to which the transfer is to take place:

Bank of America, Sacramento Government Services, Unit 1436
555 Capitol Mall, Suite 1555
Sacramento, CA 95814

2. Account number to which the wire transfer should be sent:
Financial Institution:      Bank of America, San Francisco, CA
ABA Routing No.: 0260-0959-3
Beneficiary:          State of California, Dept. of Justice
Beneficiary Information: Casmalia Disposal Site/RWQCB
Beneficiary Account No.: 01482-80005

3. Attn: Marilyn Goodridge
Government Services
(916) 321-4803

or (ii)  by cashier's or certified check, sent to:
California Department of Justice
Accounting Section – Cashiering Unit
Attention: Michelle Lewis
1300 "I" Street, Suite 810
P.O. Box 944255
Sacramento, California 94244-2550

- 13 -

The payments shall indicate the name of this civil case name and number.

        c.     **Payment to DFG for Casmalia Site.**  Within ten (10) days of entry of this Consent Decree, Settling Defendants shall pay $2,323 to DFG for Response Costs of DFG and the State Natural Resource Damages Claim with respect to the Casmalia Site. The Settling Defendants shall make payments to DFG by cashier's or certified check payable to California Department of Fish and Game to the following address:

> John Holland
> Legal Department
> Office of Spill Prevention and Response
> Department of Fish and Game
> P.O. Box 160362
> Sacramento, California 95816-0362

      d.  Any payment received by any of the State Plaintiffs after 5:00 p.m. Pacific Time will be credited the next business day.

      e.  At the time of any payment to the State Plaintiffs for the Casmalia Site, each Settling Defendant shall submit copies of the completed Payment Invoice and a copy of the check or wire confirmation to:

> Kimberly Kelley Espinoza
> Senior Legal Analyst
> Office of the Attorney General, Environment Section
> California Department of Justice
> 110 W. A Street, Suite 1100
> San Diego, California 92101

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

    12.  <u>Interest on Late Payments and Cure</u>.  If Settling Defendants fail to make any payment under Paragraph 4 (Payment of EPA Response Costs) or Section VI (Payment of State Plaintiffs' Response Costs) by the required due date, all remaining installment payments and all accrued Interest shall become due immediately upon such failure.  Interest shall continue to accrue on any unpaid amounts until the total amount due has been received.  However, if Settling Defendants cure a delinquency by making a late payment to EPA within 30 days of the required due date, including all of the then-accrued Interest and stipulated

1   penalties as provided for in Paragraph 13, then further stipulated penalties shall
2   cease to run as of the date the late payment is received, and Settling Defendants
3   may make future payments to EPA pursuant to the Schedule set forth in Paragraph
4   4. If Settling Defendants cure a delinquency by making a late payment to DTSC
5   within 30 days of the required due date, including all of the then-accrued Interest
6   and stipulated penalties as provided for in Paragraph 18, then further stipulated
7   penalties shall cease to run as of the date the late payment is received, and Settling
8   Defendants may make future payments to DTSC pursuant to the Schedule set forth
9   in Section VI.

10      13.   EPA Stipulated Penalty.

11      a. If any amounts due under Paragraph 4 are not paid by the required dates,
12   Settling Defendants shall be in violation of this Consent Decree and shall pay to
13   EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 12,
14   $5,000.00 per violation per day that such payment is late.

15      b. Stipulated penalties are due and payable within 30 days of the date of
16   the demand for payment of the penalties by EPA. All payments to EPA under this
17   Paragraph shall be identified as "stipulated penalties" and shall be made by
18   certified or cashier's check made payable to "EPA Hazardous Substance
19   Superfund." The check, or a letter accompanying the check, shall reference the
20   name and address of the party(ies) making payment, the WDI Site name, the EPA
21   Region and WDI Site/Spill ID Number 09FY, DOJ Case Number 90-11-2-156/13,
22   and the civil action number. Settling Defendants shall send the check (and any
23   accompanying letter) to:

24          Mellon Bank EPA - Region 9
            Attn: Superfund Accounting
25          P.O. Box 371099M
            Pittsburgh, PA 15251
26

27      c. At the time of each payment, Settling Defendants shall also send notice
     that payment has been made to EPA and DOJ in accordance with Section XV
28   (Notices and Submissions). Such notice shall reference the EPA Region and WDI

- 15 -

1   Site/Spill ID Number 09FY, DOJ Case Number 90-11-2-156/13, and the civil

2   action number.

3        d.   Penalties shall accrue as provided in this Paragraph regardless of

4   whether EPA has notified Settling Defendants of the violation or made a demand

5   for payment, but need only be paid upon demand.  All penalties shall begin to

6   accrue on the day after payment is due and shall continue to accrue through the

7   date of payment.  Nothing herein shall prevent the simultaneous accrual of

8   separate penalties for separate violations of this Consent Decree.

9        14.   If the United States brings an action to enforce this Consent Decree,

10  Settling Defendants shall reimburse the United States for all costs of such action,

11  including but not limited to costs of attorney time.

12       15.   Payments made under this Section shall be in addition to any other

13  remedies or sanctions available to Plaintiffs by virtue of Settling Defendants'

14  failure to comply with the requirements of this Consent Decree.

15       16.   The obligations of Settling Defendants to pay amounts owed the

16  United States under this Consent Decree are joint and several.  In the event of the

17  failure of any one or more Settling Defendants to make the payments required

18  under this Consent Decree, the remaining Settling Defendants shall be responsible

19  for such payments.

20       17.   Notwithstanding any other provision of this Section, the United States

21  may, in its unreviewable discretion, waive payment of any portion of the stipulated

22  penalties that have accrued pursuant to this Consent Decree.  Payment of

23  stipulated penalties shall not excuse Settling Defendants from payment as required

24  by Section V or from performance of any other requirements of this Consent

25  Decree.

26  //

27  //

28

18.   <u>DTSC Stipulated Penalty.</u>

a.   If any amounts due under Section VI are not paid in the amounts specified by the required dates, Settling Defendants shall be in violation of this Consent Decree and shall pay to DTSC, as a stipulated penalty, in addition to the Interest required by Paragraph 12, $5,000.00 per violation per day that such payment is late.

b.   Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by DTSC. All payments to DTSC under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "Department of Toxic Substances Control." The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the civil case name and number. Settling Defendants shall send the check (and any accompanying letter) to:

> California Department of Toxic Substances Control
> Accounting Section – Cashiering Unit (FLR 21-1)
> Attention:  Cashier
> 1001 "I" Street
> P.O. Box 806
> Sacramento, California  95812-0806

c.   At the time of each payment, Settling Defendants shall also send notice that payment has been made to DTSC in accordance with Section XV (Notices and Submissions). Such notice shall reference the civil case name and number.

d.   Penalties shall accrue as provided in this Paragraph regardless of whether DTSC has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

//
//

- 17 -

19.   If State Plaintiffs bring an action to enforce this Consent Decree, Settling Defendants shall reimburse the State Plaintiffs for all costs of such action, including but not limited to costs of attorney time.

20.   Payments made under this Section shall be in addition to any other remedies or sanctions available to State Plaintiffs by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

21.   The obligations of Settling Defendants to pay amounts owed the State Plaintiffs under this Consent Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

22.   Notwithstanding any other provision of this Section, DTSC may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII.   COVENANT NOT TO SUE BY UNITED STATES

23.   <u>Covenant Not to Sue by United States.</u> Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 or 107(a) of CERCLA, 42 U.S.C. §§ 9606 or 9607(a), or Section 7003 of RCRA, 42 U.S.C. § 6973, relating to the WDI Site, the OII Site, or the Casmalia Site. This covenant not to sue shall take effect upon the entry date of this Consent Decree. This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations to the United States under this Consent Decree, including but not limited to, payment of all amounts due under Section V (Payment of Response Costs), and any amount due

- 18 -

1   under Section VII (Failure to Comply with Consent Decree).  This covenant not to

2   sue is also conditioned upon the veracity and completeness of the Financial

3   Information provided to EPA and DOJ by Settling Defendants.  If the Financial

4   Information is subsequently determined by EPA to be false or, in any material

5   respect, inaccurate, Settling Defendant shall forfeit all payments made pursuant to

6   this Consent Decree and this covenant not to sue and the contribution protection in

7   Paragraph 45 shall be null and void.  Such forfeiture shall not constitute liquidated

8   damages and shall not in any way foreclose the United States' right to pursue any

9   other causes of action arising from Settling Defendants' false or materially

10  inaccurate information. This covenant not to sue extends only to Settling

11  Defendants and does not extend to any other person.

12      24. Effect of Settlement.  This Consent Decree resolves the civil claims of

13  the United States for the violations of Section 104(e) of CERCLA, 42 U.S.C. §

14  9604(e), and the Federal Debt Collection Procedures Act with respect to the WDI

15  Site alleged in the Complaint filed in this action through the date of lodging.

16      **IX.  RESERVATIONS OF RIGHTS BY UNITED STATES**

17      25.   The United States reserves, and this Consent Decree is without

18  prejudice to, all rights against Settling Defendants with respect to all matters not

19  expressly included within the Covenant Not to Sue by United States in Paragraph

20  23. Notwithstanding any other provision of this Consent Decree, the United States

21  reserves all rights against Setting Defendants with respect to:

22          a. liability for failure of Settling Defendants to meet a requirement of this

23  Consent Decree;

24          b. criminal liability;

25          c. liability arising from any future arrangement for disposal or treatment of

26  a hazardous substance, pollutant, or contaminant at the WDI Site or OII Site by

27  that Settling Defendant after the effective date of this Consent Decree;

28

1        d. liability arising from the past, present, or future arrangement for

2   disposal or treatment by a Settling Defendant of a hazardous substance, pollutant,

3   or contaminant outside of the WDI Site, Casmalia Site, or OII Site; and

4        e. liability arising from the past, present, or future arrangement for disposal

5   or treatment by a Settling Defendant of a hazardous substance, pollutant, or

6   contaminant at the Casmalia Site that is from a facility or specific location other

7   than 910 Fornham Ave. or 12354 and 12345 Lakeland Rd., Santa Fe Springs,

8   California.

9        26.   Notwithstanding any other provision in this Consent Decree, the

10  United States reserves, and this Consent Decree is without prejudice to, the right

11  to institute judicial or administrative proceedings against Settling Defendants

12  seeking to compel Settling Defendants to perform response actions relating to the

13  Casmalia Site, and/or to reimburse the United States for additional costs of

14  response and/or Natural Resource Damages, if information not currently known to

15  the EPA is discovered that indicates Settling Defendants no longer qualify as *de*

16  *minimis* parties at the Casmalia Site because Settling Defendants contributed more

17  than 8.5 million pounds of materials containing hazardous substances to the

18  Casmalia Site, or contributed hazardous substances the toxic or other hazardous

19  effect of which is not minimal in comparison to other hazardous substances at the

20  Casmalia Site as set forth in the Contaminants List attached as Appendix F.

21       27.   Notwithstanding any other provision of this Consent Decree, the

22  United States reserves, and this Consent Decree is without prejudice to, the right

23  to reinstitute or reopen this action, or to commence a new action seeking relief

24  other than as provided in this Consent Decree, if the Financial Information

25  provided by Settling Defendants, or the financial certification made by Settling

26  Defendants in Paragraph 49, is false or, in any material respect, inaccurate.

27  //

28

- 20 -

28.   Notwithstanding any other provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.

## X.   COVENANT NOT TO SUE BY STATE PLAINTIFFS

29.   Covenant Not to Sue for WDI Site and OII Site.   In consideration of the payments that will be made by the Settling Defendants to DTSC under the terms of this Consent Decree, and except as specifically provided in Section XI (Reservation of Rights by State Plaintiffs) of this Consent Decree, DTSC hereby covenants not to sue or to take administrative action against Settling Defendants pursuant to section 107(a) and 113 of CERCLA, 42 U.S.C. § 9607 and 9613, and section 7002 of RCRA, 42 U.S.C. § 6972, or the California Health and Safety Code, sections 25300 et seq., relating to the WDI Site or the OII Site.

30.   Covenant Not to Sue for Casmalia Site.   In consideration of the payments that will be made by Powerine to the State Plaintiffs under the terms of this Consent Decree, and except as specifically provided in Section XI of this Consent Decree, the State Plaintiffs hereby covenant not to sue or to take administrative action against Powerine pursuant to section 107 and 113 of CERCLA, 42 U.S.C. § 9607 and 9613, and section 7002 of RCRA, 42 U.S.C. § 6972, or the State Statutes, relating to the Casmalia Site, including for recovery of Natural Resource Damages and for response costs incurred or to be incurred by DFG.

31.   With respect to present and future liability, these covenants shall take effect upon the effective date of this Consent Decree as set forth in Section XVII (Effective Date).  These covenants are conditioned upon: a) the satisfactory performance by Settling Defendants of all their obligations to the State Plaintiffs under this Consent Decree; and b) the veracity of the Financial Information

1  provided to EPA and State Plaintiffs by Settling Defendants.  These covenants

2  extend only to Settling Defendants and do not extend to any other person.

3  **XI.   RESERVATION OF RIGHTS BY STATE PLAINTIFFS**

4       32.   The covenants by the State Plaintiffs set forth in Paragraphs 29 and 30

5  of this Consent Decree do not pertain to any matters other than those expressly

6  specified in Paragraphs 29 and 30.

7       33.   <u>WDI Site and OII Site Reservations.</u>   With respect to DTSC's

8  Covenant not to sue for the WDI Site and the OII Site, DTSC reserves, and this

9  Consent Decree is without prejudice to, all rights against the Settling Defendants,

10  with respect to all other matters, including but not limited to:

11         a.   liability for failure to meet a requirement of this Consent Decree;

12         b.   criminal liability;

13         c.   liability arising from any future arrangement for disposal or treatment

14  of a hazardous substance, pollutant or contaminant at the WDI Site or OII Site by

15  that Settling Defendant after the effective date of this Consent Decree; and

16         d.   liability arising from the past, present, or future arrangement for

17  disposal or treatment by Settling Defendants of a hazardous substance, pollutant,

18  or contaminant outside of the WDI Site or the OII Site.

19       34.   Notwithstanding any other provision in this Consent Decree, DTSC

20  reserves, and this Consent Decree is without prejudice to, the right to reinstitute or

21  reopen this action, or to commence a new action seeking relief other than as

22  provided in this Consent Decree, if the Financial Information provided by Settling

23  Defendants, or the financial certification made by Settling Defendants in

24  Paragraph 50, is false or, in any material respect, inaccurate.  If the Financial

25  Information is subsequently determined by DTSC to be false or, in any material

26  respect, inaccurate, Settling Defendants shall forfeit all payments made to State

27  Plaintiffs pursuant to this Consent Decree and this covenant not to sue and the

28

- 22 -

contribution protection in Paragraph 45 shall be null and void.  Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the State Plaintiffs' right to pursue any other causes of action arising from Settling Defendants' false or materially inaccurate information.

35.   Casmalia Site Reservations.   With respect to the State Plaintiffs' covenants not to sue for the Casmalia Site, the State Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against the Settling Defendants, with respect to all other matters, including but not limited to:

    a.   liability for failure to meet a requirement of this Consent Decree;

    b.   criminal liability;

    c.   liability arising from any future arrangement for disposal or treatment of a hazardous substance, pollutant or contaminant at the Casmalia Site by that Settling Defendant after the effective date of this Consent Decree; and

    d.   liability arising from the past, present, or future arrangement for disposal or treatment by Settling Defendants, or a subsidiary or affiliated entity of any Settling Defendant, of a hazardous substance, pollutant, or contaminant at the Casmalia Site that is both (1) not from a facility or specific location owned or operated by that Settling Defendant as specified in Appendix E, and (2) not included in the volume of waste attributed to that State Settling Party as set forth in Appendix E.

36.   Notwithstanding any other provision in this Consent Decree, the State Plaintiffs reserve, and this Consent Decree is without prejudice to, the right to institute judicial or administrative proceedings seeking to compel any Settling Defendant to perform response actions relating to the Casmalia Site, and/or to reimburse the State Plaintiffs for additional costs of response and/or Natural Resource Damages, if information not currently known to the EPA or the State Plaintiffs is discovered that indicates Settling Defendants no longer qualify as de

1  minimis parties at the Casmalia Site because Settling Defendants contributed more

2  than 8.5 million pounds of materials containing hazardous substances to the

3  Casmalia Site, or contributed hazardous substances the toxic or other hazardous

4  effect of which is not minimal in comparison to other hazardous substances at the

5  Casmalia Site as set forth in the Contaminants List attached as Appendix F.  For

6  purposes of this Section only, the volume of material contributed by a Settling

7  Defendant shall not include any waste sent by an entity merged into or otherwise

8  acquired by such Settling Defendant after the effective date of this Consent

9  Decree.

10  **XII.  <u>COVENANT NOT TO SUE BY SETTLING DEFENDANTS</u>**

11      37.    Settling Defendants covenant not to sue and agree not to assert any

12  claims or causes of action against the United States, State Plaintiffs or their

13  contractors or employees, with respect to the WDI Site, the OII Site, the Casmalia

14  Site, or this Consent Decree, including but not limited to:

15          a.  any direct or indirect claim for reimbursement from the Hazardous

16  Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of

17  CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other

18  provision of law;

19          b.  any claim arising out of the response actions at the WDI Site, the OII

20  Site, or the Casmalia Site, including any claim under the United States

21  Constitution, the Constitution of the State of California, the Tucker Act, 28 U.S.C.

22  § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at

23  common law; or

24          c.  any claim against the United States or State Plaintiffs pursuant to

25  Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

26  //

27  //

28

38.   Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

39.   Except as provided in Paragraphs 41, 42 and 43 (Waiver of Claims) and Paragraph 47 (Waiver of Claim Splitting Defenses), the covenants not to sue set forth in Paragraph 37 shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 25 (b), 25 (c), and 25 (e), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

40.   Except as provided in Paragraphs 41, 42 and 43 (Waiver of Claims) and Paragraph 47 (Waiver of Claim Splitting Defenses), the covenants not to sue set forth in Paragraph 37 shall not apply in the event the State Plaintiffs bring a cause of action or issues an order pursuant to the reservations set forth in Paragraphs 33, 34, and 35, but only to the extent that Settling Defendant's claims arise from the same response action or response costs that State Plaintiffs are seeking pursuant to the applicable reservation.

41.   Waiver of Claims.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action with regard to the Casmalia Site pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, for matters addressed by this Consent Decree, against:

a.   any Potentially Responsible Parties (PRPs) that EPA may in the future designate as de micromis, consistent with EPA's Revised Guidance on CERCLA Settlements with De Micromis Waste Contributors (June 3, 1996), the Memorandum dated November 6, 2002, entitled "Revised Settlement Policy and Contribution Waiver Language Regarding Exempt De Micromis and Non-Exempt De Micromis Parties" and/or other applicable guidance;

- 25 -

1   b. any other PRP for a period of thirty-three (33) months after the

2 effective date of this Consent Decree, at which time Settling Defendants may

3 assert claims or causes of action against any non-de micromis PRPs that have not

4 settled their liability for the Casmalia Site;

5   c. any of the defendants in *United States v. ABB Vetco Gray Inc.*, Civ. No.

6 96-6518-KMW (JGx), that are parties to the Casmalia Consent Decree entered in

7 that action on June 27, 1997; and

8   d. any person that has entered or in the future enters into a settlement

9 agreement with the United States, EPA or State Plaintiffs for response costs or

10 Natural Resource Damages claims for matters addressed in such settlement.

11  42. Settling Defendants agree not to assert any claims and to waive all

12 claims or causes of action they may have for all matters relating to the OII Site,

13 including, but not limited to, for contribution, against any person where the

14 person's liability to Settling Defendants with respect to the OII Site is based solely

15 on having arranged for disposal or treatment, or for transport for disposal or

16 treatment, of hazardous substances at the OII Site, or having accepted for transport

17 for disposal or treatment of hazardous substances at the OII Site, if EPA

18 determines that: (a) any materials contributed by such person to the OII Site

19 constituting municipal solid waste or municipal sewage sludge did not exceed

20 0.2% of the total volume of waste at the OII Site; and (b) any materials contributed

21 by such person to the OII Site containing hazardous substances, but not

22 constituting municipal solid waste or municipal sewage sludge, did not exceed

23 2,100 gallons of liquid materials, or the equivalent, using EPA's conversion

24 factors.  This waiver shall not apply to any claim or cause of action against any

25 person meeting the above criteria if EPA has determined that the materials

26 contributed to the OII Site by such person contributed or could contribute

27 significantly to the costs of response at the OII Site.  This waiver also shall not

28

1   apply with respect to any defense, claim, or cause of action that a Settling

2   Defendant may have against any person if such person asserts a claim or cause of

3   action relating to the OII Site against such Settling Defendant.

4       43.   Settling Defendants agree not to assert any claims and to waive all

5   claims or causes of action that they may have for all matters relating to the OII

6   Site, including, but not limited to, for contribution, against any person that has

7   entered into a final CERCLA § 122(g) de minimis settlement with EPA or State

8   Plaintiffs with respect to the OII Site as of the effective date of this Consent

9   Decree. This waiver shall not apply with respect to any defense, claim, or cause of

10  action that a Settling Defendant may have against any person if such person

11  asserts a claim or cause of action relating to the OII Site against such Settling

12  Defendant.

## XIII.  FURTHER EFFECT OF SETTLEMENT/ CONTRIBUTION PROTECTION

15      44.   Nothing in this Consent Decree shall be construed to create any rights

16  in, or grant any cause of action to, any person not a Party to this Consent Decree.

17  Except as provided in Paragraphs 41, 42, 43 and 47 (Waiver of Claims), the

18  Parties expressly reserve any and all rights (including, but not limited to, any right

19  to contribution), defenses, claims, demands, and causes of action that they may

20  have with respect to any matter, transaction, or occurrence relating in any way to

21  the WDI Site, the OII Site, or the Casmalia Site against any person not a Party

22  hereto.

23      45.   The Parties agree, and by entering this Consent Decree this Court

24  finds, that Settling Defendants are entitled, as of the date of entry of this Consent

25  Decree, to protection from contribution actions or claims as provided by Section

26  113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2) - (3), for "matters

27  addressed" in this Consent Decree. The "matters addressed" in this Consent

28

- 27 -

1  Decree are all response actions taken or to be taken and all response costs incurred

2  or to be incurred by the United States, the State Plaintiffs, or any other person with

3  respect to the WDI Site, the OII Site, and the Casmalia Site, and the State Natural

4  Resource Damages Claim with respect to the Casmalia Site, except for those

5  matters expressly reserved herein.

6      46.  Each Settling Defendant agrees that, with respect to any suit or claim

7  for contribution brought by it for matters related to this Consent Decree, it will

8  notify EPA, DOJ, and the State Plaintiffs in writing no later than 60 days prior to

9  the initiation of such suit or claim. Each Settling Defendant also agrees that, with

10  respect to any suit or claim for contribution brought against it for matters related

11  to this Consent Decree, it will notify EPA, DOJ, and the State Plaintiffs in writing

12  within 10 days of service of the complaint or claim upon it. In addition, each

13  Settling Defendant shall notify EPA, DOJ, and the State Plaintiffs within 10 days

14  of service or receipt of any Motion for Summary Judgment, and within 10 days of

15  receipt of any order from a court setting a case for trial, for matters related to this

16  Consent Decree. However, EPA, DOJ, and the State Plaintiffs acknowledge

17  notice of the claims for contribution already filed by Settling Defendants in

18  *Powerine*, et al. *v. Estate of Rothschild*, et al., Case No. CV 06-0855 (C.D. Cal).

19      47.  In any subsequent administrative or judicial proceeding initiated by

20  the United States or the State Plaintiffs for injunctive relief, recovery of response

21  costs, or other relief relating to the WDI Site, the OII Site, or the Casmalia Site,

22  Settling Defendants shall not assert, and may not maintain, any defense or claim

23  based upon the principles of waiver, *res judicata*, collateral estoppel, issue

24  preclusion, claim-splitting, or other defenses based upon any contention that the

25  claims raised by the United States or the State Plaintiffs in the subsequent

26  proceeding were or should have been brought in the instant case; provided,

27  however, that nothing in this Paragraph affects the enforceability of the Covenant

28

1  Not to Sue by United States or the State Plaintiffs set forth in Sections VIII and X,

2  respectively.

3  ## XIV. **RETENTION OF RECORDS**

4      48.   Until 10 years after the entry of this Consent Decree, each Settling

5  Defendant shall preserve and retain all records, reports, or information (hereinafter

6  referred to as "records") now in its possession or control, or which come into its

7  possession or control, that relate in any manner to response actions taken at the

8  WDI Site, the OII Site, or the Casmalia Site, or the liability of any person under

9  CERCLA with respect to these Sites, regardless of any corporate retention policy

10  to the contrary.

11      49.   After the conclusion of the 10-year document retention period in the

12  preceding paragraph, Settling Defendants shall notify EPA, DOJ and the State

13  Plaintiffs at least 90 days prior to the destruction of any such records, and, upon

14  request by EPA, DOJ, or the State Plaintiffs, Settling Defendants shall deliver any

15  such records to EPA or the State Plaintiffs. Settling Defendants may assert that

16  certain records are privileged under the attorney-client privilege or any other

17  privilege recognized by federal law. If Settling Defendants assert such a privilege,

18  they shall provide Plaintiff with the following: 1) the title of the record; 2) the

19  date of the record; 3) the name, title, affiliation (e.g., company or firm), and

20  address of the author of the record; 4) the name and title of each addressee and

21  recipient; 5) a description of the subject of the record; and 6) the privilege

22  asserted. If a claim of privilege applies only to a portion of a record, the record

23  shall be provided to Plaintiff in redacted form to mask the privileged information

24  only. Settling Defendants shall retain all records that they claim to be privileged

25  until the United States has had a reasonable opportunity to dispute the privilege

26  claim and any such dispute has been resolved in the Settling Defendants' favor.

27  However, no records created or generated pursuant to the requirements of this or

28

1 any other settlement with the EPA or the State Plaintiffs pertaining to the WDI

2 Site, the OII Site, or the Casmalia Site shall be withheld on the grounds that they

3 are privileged.

4       50.   Each Settling Defendant hereby certifies individually that, to the best

5 of its knowledge and belief, after thorough inquiry, it has:

6             a.   not altered, mutilated, discarded, destroyed or otherwise disposed of any

7 records, reports, or information relating to its potential liability regarding the WDI

8 Site, the OII Site, or the Casmalia Site since notification of potential liability by

9 the United States or the State Plaintiffs or the filing of suit against it regarding

10 these Sites and that it has provided all documents and information sought by any

11 and all EPA requests for information pursuant to Sections 104(e) and 122(e) of

12 CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42

13 U.S.C. § 6972;

14            b.   submitted to EPA and DOJ and, through EPA, to the State Plaintiffs,

15 Financial Information that fairly, accurately, and materially sets forth its financial

16 circumstances, and that those circumstances have not materially changed between

17 the time the Financial Information was submitted to EPA and DOJ and the time

18 each Settling Defendant executes this Consent Decree.

19                    **XV. NOTICES AND SUBMISSIONS**

20       51.   Whenever, under the terms of this Consent Decree, notice is required

21 to be given or a document is required to be sent by one party to another, it shall be

22 directed to the individuals at the addresses specified below, unless those

23 individuals or their successors give notice of a change to the other Parties in

24 writing.  Written notice as specified herein shall constitute complete satisfaction of

25 any written notice requirement of the Consent Decree with respect to the United

26 States, EPA, DOJ, the State Plaintiffs, and Settling Defendants, respectively.

27 //

28

- 30 -

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-156/13)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Chief, Superfund Site Cleanup Branch
United States Environmental Protection Agency, Region IX
75 Hawthorne St.
San Francisco, CA 94105
Re: WDI Superfund Site

Russell Mechem
EPA Project Coordinator
United States Environmental Protection Agency, Region IX
75 Hawthorne St.
San Francisco, CA 94105
Re: WDI Superfund Site

As to the Regional Financial Management Officer:

David Wood, Chief, Cost Accounting
United States Environmental
Protection Agency Region IX
75 Hawthorne St.
San Francisco, CA 94105
Re: WDI Superfund Site

As to State Plaintiffs:
Sayareh Amir, Chief
Southern California Cleanup Operations
Department of Toxic Substances Control
1011 North Grandview Avenue
Glendale, CA 91201

Caroline Rudolph
Project Coordinator for the Casmalia Disposal Site
Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806

Roger Briggs, Executive Officer
Central Coast Regional Water Quality Control Board
895 Aerovista Pl., Ste 101
San Luis Obispo 93401

- 31 -

1  Theodora Berger
   Senior Assistant Attorney General
2  Environment Section
   Attorney General's Office
3  State of California Department of Justice
   300 South Spring Street
4  Los Angeles, California 90013-1230

5  As to Settling Defendants:

6  Vincent J. Papa, Esq.
   c/o Energy Merchant Corp.
7  126 East 56th Street
   33rd Floor
8  New York, NY 10022

9  Albert M. Cohen, Esq.
   Loeb & Loeb LLP
10 10100 Santa Monica Blvd., Suite 2200
11 Los Angeles, CA 90067

12           **XVI.  RETENTION OF JURISDICTION**

13      52.   This Court shall retain jurisdiction over this matter for the purpose of

14 interpreting and enforcing the terms of this Consent Decree.

15              **XVII.  EFFECTIVE DATE**

16      53.   The effective date of this Consent Decree shall be the date upon which

17 this Consent Decree is entered by the Court.

18          **XVIII.  INTEGRATION/APPENDICES**

19      54.   This Consent Decree and its appendices constitutes the final, complete

20 and exclusive agreement and understanding among the Parties with respect to the

21 settlement embodied in this Consent Decree.  The Parties acknowledge that there

22 are no representations, agreements or understandings relating to the settlement

23 other than those expressly contained in this Consent Decree.  The following

24 appendices are attached to and incorporated into this Consent Decree:  "Appendix

25 A" is a map of the WDI Site; "Appendix B" is a map of the OII Site; "Appendix

26 C" is a map of the Casmalia Site; "Appendix D" is a list of the Financial

27 Information documents provided by the Settling Defendants; "Appendix E" is a

28

                              - 32 -

Summary of the State Plaintiffs' Settlement Amounts; and "Appendix F" is a list of contaminants found at the Casmalia Superfund Site.

## XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

55. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

56. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XX. SIGNATORIES/SERVICE

57. Each undersigned representative of a Settling Defendant to this Consent Decree, the Assistant Attorney General, Environment and Natural Resources Division of the United States Department of Justice, and the State Plaintiffs certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

58. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

59. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to

1  this Consent Decree. Settling Defendants hereby agree to accept service in that

2  manner and to waive the formal service requirements set forth in Rule 4 of the

3  Federal Rules of Civil Procedure and any applicable local rules of this Court,

4  including but not limited to, service of a summons. However, if no agent is

5  specified, the attorney of record for each Settling Defendant shall be deemed to be

6  the agent authorized to accept service at the address listed.  Settling Defendants

7  hereby agree to accept service in that manner and to waive the formal service

8  requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any

9  applicable local rules of this Court, including but not limited to, service of a

10  summons.

11                              **XXI.  FINAL JUDGMENT**

12        60.   Upon approval and entry of this Consent Decree by the Court, this

13  Consent Decree shall constitute a final judgment between and among the United

14  States, the State Plaintiffs and the Settling Defendants.  The Court finds that there

15  is no just reason for delay and therefore enters this judgment as a final judgment

16  under Fed. R. Civ. P. 54 and 58.

17

18    SO ORDERED THIS _11_ DAY OF _____Feb_____, ~~2007~~ 2008

19

20

21    CONSUELO B. MARSHALL
      United States District Judge

22

23

24

25

26

27

28

                                    -34-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Powerine Oil Company*, et al., No. CV04-6435 CBM (JWJx), relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia Resources Superfund Sites.

FOR THE UNITED STATES OF AMERICA

_____
Date

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural
   Resources Division
U.S. Department of Justice
950 Pennsylvania Ave., NW,
   Rm. 2718
Washington, D.C. 20530

17 Oct. 2007
Date

KARL J. FINGERHOOD
Environmental Enforcement Section
Environment and Natural
   Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611


THOMAS P. O'BRIEN
United States Attorney
Central District of California


MONICA L. MILLER
Assistant U.S. Attorney

-35-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Powerine Oil Company*, et al., No. CV04-6435 CBM (JWJx), relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia Resources Superfund Sites.

FOR THE UNITED STATES OF AMERICA

10/11/07
Date

Keith Takata
Director, Superfund Division
U.S. Environmental Protection Agency
    Region IX
75 Hawthorne St.
San Francisco, CA 94105

8/15/07
Date

Taly L. Jolish
Assistant Regional Counsel
U.S. Environmental Protection Agency
    Region IX
75 Hawthorne St.
San Francisco, CA 94105

- 36 -

1   THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
    *United States v. Powerine Oil Company*, et al., No. CV04-6435 CBM (JWJx),
2   relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia
    Resources Superfund Sites.

3   FOR THE STATE PLAINTIFFS

4

5   8/22/67
    Date                                   Hamid Saebfar, Acting Deputy Director
6                                          Site Mitigation and Brownfields Reuse
                                           Program
7                                          California Department of Toxic
                                           Substances Control
8

9   Date                                   Roger W. Briggs, Executive Officer
10                                         California Regional Water Quality
                                           Control Board, Central Coast Region
11

12

13  Date                                   Ryan Broddrick, Director
14                                         California Department of Fish and
                                           Game
15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Powerine Oil Company*, et al., No. CV04-6435 CBM (JWJx), relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia Resources Superfund Sites.

FOR THE STATE PLAINTIFFS

Date _____

Maureen F. Gorsen, Director
California Department of
Toxic Substances Control

8-21-07

Date _____

Roger W. Briggs, Executive Officer
California Regional Water Quality
Control Board, Central Coast Region

Date _____

Ryan Broddrick, Director
California Department of Fish and
Game

-37-

38

1    THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
     *United States v. Powerine Oil Company,* et al., No. CV04-6435 CBM (JWJx),
2    relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia
     Resources Superfund Sites.

3    FOR THE STATE PLAINTIFFS

4

5    Date _____                      Maureen F. Gorsen, Director
                                               California Department of
6                                              Toxic Substances Control

7

8    Date _____                      Roger W. Briggs, Executive Officer
                                               California Regional Water Quality
9                                              Control Board, Central Coast Region

10

11

12   Date 8/24/07                              Ryan Broddrick, Director
                                               California Department of Fish and
13                                             Game

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-37-

39

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Powerine Oil Company*, et al., No. CV04-6435 CBM (JWJx), relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia Resources Superfund Sites.

FOR DEFENDANT POWERINE OIL COMPANY

Date: _August 6, 2007_

Michael Egner
Chief Financial Officer
12345 Lakeland Boulevard
Santa Fe Springs, CA 90670

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Address: _____

- 38 -

40

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Powerine Oil Company*, et al., No. CV04-6435 CBM (JWJx), relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia Resources Superfund Sites.

FOR DEFENDANT CENCO REFINING COMPANY n/k/a LAKELAND DEVELOPMENT COMPANY

Date: _August 6, 2007_

Michael Egner
Chief Financial Officer
12345 Lakeland Boulevard
Santa Fe Springs, CA 90670

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Address: _____

- 39 -
41

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
*United States v. Powerine Oil Company*, et al., No. CV04-6435 CBM (JWJx),
relating to the Waste Disposal, Inc., Operating Industries, Inc., and Casmalia
Resources Superfund Sites.

FOR DEFENDANT ENERGY
MERCHANT CORP.

Date: _August 6, 2007_

Michael Egner
Chief Financial Officer
126 East 56th Street, 33rd Floor
New York, New York 10022

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Address: _____

- 40 -

42

43



SITE

0   2,000   4,000 FEET
SCALE

REFERENCE: USGS 7.5 MINUTE TOPOGRAPHIC MAP OF WHITTIER, CALIFORNIA, DATED 1981.

**SITE LOCATION MAP**

WASTE DISPOSAL, INC.
SANTA FE SPRINGS, CALIFORNIA

**TRC**   **FIGURE 1.2**



46



Base Map USGS 7.5 Min.
El Monte Quadrangle 1966
Photo Revision 1981

**FIGURE 1**
**SITE LOCATION MAP**
**OPERATING INDUSTRIES, INC. LANDFILL**
**OUFS–GAS MIGRATION CONTROL**

47



**Figure 1-4**
**Major Landfill Structures**
**Oil Landfill Remedial Investigation Report**